Samuels, J.
Two questions are presented by the record of this ease, both of which must be decided in favor of the appellants before the sentence of the Circuit court can be reversed.
First. Did the deed of March 18th, 1835, executed by John Timberlake to Shearman and wife, confer on the wife a valid power of appointment?
■Second. If it did, was the power well executed by her olograph will ?
It must be conceded that Timberlake had the right (if he had chosen to exercise it) to convey the estate by deed of bargain and sale to Shearman for life, remainder to Mrs. Shearman in fee, determinable upon an event occurring at her death or before, and if so determined, then over to another in fee. See 1 Rev. Code, p. 369, 370. This right results from the power of the bargainor either to declare the use at once and finally; or to reserve to himself a power to revoke the use and to declare other and different uses; so he may confer on another the power possessed by him. In either case, the law against perpetuities must be re *100 spected. The appointee would take under the grantor of the power. 2 Sugd. Pow. 25 ; 2 Lomax’s Dig. 237, § 23, new edition.
The counsel for the appellees conceded that it was manifest that Timberlake intended to confer on Mrs. Shearman a power to appoint her fee simple estate to a person or persons other than herself or her heirs at law; yet he insisted that the power was merged or extinguished in her estate in fee simple. This position is not well taken ; for it seems to be settled that a title in fee simple (acquired as in this ease) may coexist with a power of appointment in the same person ; and when the power is executed the fee simple may be divested thereby. 2 Lomax’s Dig. 207 of new, 149 of old edition; 1 Sugd. Pow. 105; Clere's Case, 6 Coke’s Reports, 17 b, and note b.
I am of opinion that a valid power was conferred on Mrs. Shearman, notwithstanding her estate in fee.
This brings up the second question. Was the power well executed by the olograph will of Mrs. Shearman H The grantor of a power may prescribe any form or mode for its execution, and his directions must be complied with, or the execution will be invalid. It is said that the power in this case to “ nominate by last will and testament or power of appointment in presence of two witnesses,” required that two witnesses should be present, whether the appointment be by will or by other writing. This, in my judgment, is not the proper construction of the grant. A last will and testament is an assurance accurately defined and carefully guarded by law; and when then the grantor authorized an appointment by “last will and testament,”' he is to be understood as prescribing such and so.many of the requisites as may be essential to the making of the instrument. As the grantor authorized an appointment in another mode about which the law makes no specific provision, it was therefore proper that the *101 grantor should prescribe such safeguards as he deemed sufficient j and accordingly he required the presence of two witnesses. In. my judgment a will in due form of law, wholly written and signed by the grantee, is a strict execution of one of the alternative powers with which Mrs. Shearman was vested.
I am aware of the conflicting opinions of eminent English judges in regard to cases like that in hand. Lord King, Lord Mansfield and Lord Kenyon, holding the appointment valid; Lord Hardwicke holding it invalid. Dormer v. Thurland, 2 P. Wms. 506; Earl of Darlington v. Pulteny, Cowp. R. 260; Doe, lessee of Harman & wife, v. Morgan, 7 T. R. 103; Ross v. Ewer, 3 Atk. R. 156. In the absence of any controling authority, I am of opinion the case must be decided on general principles; that Mrs. Shearman’s will passed the title to the land over which she had a power, and in which she had a fee simple estate, and that the sentence of the Circuit court revoking the probate of the whole will, is erroneous as to the land conveyed by Timberlake, and should be reversed, and the probate of the will as to that subject be held valid and binding.
Lee, fl". concurred in the opinion of Samuels, J. as to the effect of Timberlake’s deed, but was inclined-to think' an olograph will was not a good execution of the power.
■ Daniel, J. approved the decree of the Circuit court.
Allen, P. and Moncure, J. concurred in the opinion of Samuels, J.
Decree reversed.